Hon. Justin L. Vigdor Chairman Interest on Lawyer Account Fund of the State of New York
You have asked whether the officers and employees of the Interest on Lawyer Account Fund of the State of New York (IOLA) are subject to section 73 of the Public Officers Law.
IOLA was established by chapter 659 of the Laws of 1983 (adding § 497 of the Judiciary Law and § 97-v of the State Finance Law). The IOLA legislation authorizes lawyers to place qualified funds into interest-bearing accounts whereby the interest generated is to be transmitted by banking institutions to the IOLA fund (Judiciary Law, § 497). The fund will then distribute this income to not-for-profit, tax exempt entities delivering civil legal services to the poor and utilize it for purposes of improving the administration of justice (State Finance Law, § 97-v[3]).
The IOLA fund is administered by a 15-member board of trustees appointed by the Governor, at least eight of whom must be attorneys licensed to practice law in the State of New York (id., § 97-v[2]). The board of trustees is empowered to receive, hold and manage the IOLA fund (id.,
§ 97-v[3][a]). The board is required to adopt rules and regulations for the administration of the IOLA fund and may employ and remove personnel deemed necessary for the performance of its functions (id.,
§ 97-v[3][d], [e]).
Section 73 of the Public Officers Law prohibits certain private activities by designated public officials. It applies to officers and employees of a State agency and to members of the Legislature and legislative employees. "State agency", for purposes of section 73, is defined as
 "any state department, or division, board, commission, or bureau of any state department or any public benefit corporation or public authority at least one of whose members is appointed by the governor" (id., § 73[1]).
As examples, persons covered by section 73 may not perform services on a contingency fee basis regarding matters before any state agency; may not receive compensation for services to be rendered in relation to a matter before the Court of Claims; are restricted in selling to the State goods or services valued at twenty-five dollars or more, except through competitive bidding; and are restricted in appearances before State agencies for a period subsequent to the termination of their employment by an agency (id., § 73[2], [3], [4] and [7]).
Like the Temporary State Commission on Banking, Insurance and Financial Services, examined in Op Atty Gen No. 83-F20, and the Temporary State Commission on Workers' Compensation and Disability Benefits, examined in Op Atty Gen No. 84-F8, the enabling statute is silent as to whether IOLA is a State department or a division, board, commission or bureau of a State department (see Public Officers Law, § 73[1]). Further, IOLA has not been designated as a public benefit corporation or public authority (ibid.). As with the membership of the commissions examined in Op Atty Gen No. 83-F20 and Op Atty Gen No. 84-F8, the Legislature anticipated that persons active in the private sector would serve as trustees of the IOLA fund (State Finance Law, § 97-v[2]). Thus, it would not appear to have been the intention of the Legislature that membership on the board of trustees of IOLA would form the basis for restrictions or disqualifications under section 73 (Op Atty Gen No. 83-F20; Op Atty Gen No. 84-F8). A contrary result would discourage members of the private bar from volunteering their time to public service. Further, only section 17 of the Public Officers Law has been made applicable to IOLA (id., § 97-v[2][c]).
As was indicated in our two previous opinions, a knowing and intentional violation of section 73 of the Public Officers Law constitutes a misdemeanor (§ 73[10]). Consequently, section 73 is a penal statute and subject to strict statutory construction (McKinney's Statutes, § 271[a]; Op Atty Gen No. 83-F20). In our opinion, the silence of the Legislature regarding whether IOLA is a State agency as defined by section 73 of the Public Officers Law, the requirement of the Legislature that active members of the private bar serve as members of the board of trustees to manage the IOLA fund and the fact that the Legislature has specifically applied section 17 of the Public Officers Law to IOLA but no other sections of that law, establish a reasonable doubt regarding the applicability of section 73 to IOLA. Since reasonable doubt as to the applicability of penal statutes must be resolved against the extension of the statute's reach (Op Atty Gen No. 83-F20), it is our opinion that section 73 of the Public Officers Law does not apply to IOLA.
We conclude that the officers and employees of the Interest On Lawyer Account Fund of the State of New York are not subject to section73 of the Public Officers Law.